FILED - GR
June 2, 2008 1:42 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _____/___ALD

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

1:08-cv-514

Robert Holmes Bell
Chief U.S. District Judge

Raymond William Adams,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No._____
(Supplied by ___ ___ .

Docket No. 1:05:CR:260-01

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER "SAVINGS CLAUSE" OR FOR MODIFICATION

AND NOW, Comes Raymond W. Adams in his Pro Se Litigant capacity in the above matter before the Court. Adams submits this Memorandum of Law in "Good Faith" which he will attempt to demonstrate to this Honorable Court that he is due the therein pleaded relief he is seeking.

### Background

On June 16, 2006, Adams went before Chief U.S. District Judge, The Honorable Robert Holmes Bell for sentencing. Prior to this Sentencing Hearing, there was a Presentence Investigation Report was prepared by John H. Hyink, U.S. Probation Officer. The Court adopted the PSR and imposed a sentence of 84 months with a term of supervised following the completion of the sentence.

There were some criminal history points that were not applicable at sentencing and also, there was a sentencing characteristic which also was used that should not have been applied to the sentence calculations of the petitioner.

## CLAIM

GROUND ONE:   ACTUAL AND FACTUAL INNOCENCE OF THE
              MANDATORY USE OF THE GUIDELINES WHEN
              CALCULATING CRIMINAL HISTORY POINTS

### ARGUMENT

On June 16, 2006, Adams was sentenced to a term of eighty-four (84) months of incarceration for violating 21 U.S.C. § 841(a)(1), and (b)(1)(C) for Conspiracy to Distribute and Possess With Intent to Distribute Heroin. There were two incidents that were used to attribute points for the calculation of Adams Criminal History Score. On Page 26 ¶ 155, Adams was given one (1) point for conduct while he was a juvenile but there outcome of those proceedings were unverifiable. (See attached Page 26 at ¶ 155)

Adams also argues in Ground One that, on this same page located at ¶ 156, there was another point given to calculate his criminal history calculation. (See attached Page 26 at ¶ 156) Both of these points were applied to the petitioner's criminal history calculation and in violation of petitioner's Due Process Rights contrary to the rule of law. Under the U.S.S.G. § 4A1.2(d)(2)(B) which the Supreme Court held in United States v. Booker, (2005), 543 U.S. 220; 125 S. Ct. 738; 160 L. Ed. 2d 621, held that the mandatory use of the guidelines violated the defendant's Sixth Amendment Rights and excised and severed the guidelines making them only advisory and no longer mandatory. Adams argues that, he is Actually and Factually innocent of U.S.S.G. § 4A1.2(d)(2)(B). The use of § 4A1.2(d)(2)(B) has the force and effect of laws

prescribing the sentences that criminal defendants are to receive. See, Mistretta v. United States, (1989) 488 U.S. 361. These two events listed at paragraphs 155 & 156, specifically stated by the Probation Officer that:

> "Requested juvenile and police records have not been received."

Therefore, how then can the petitioner be given a point for each of these incidents when the probation office or the Court did not know the outcome. Therefore, when the Court adopted these findings by the Probation Officer under U.S.S.G. § 4A1.2(d)(2)(B), this was a violation of a law of the United States and the Constitution, e.g. United States v. Booker, supra and the Fifth Amendment, of the U.S. Constitution. Petitioner argues that, these two points are to be deducted from his criminal history score and he is to be resentenced.

### CLAIM

GROUND TWO:   ACTUAL AND FACTUAL INNOCENCE OF THE MANDATORY USE OF THE GUIDELINES WHEN USING U.S.S.G. § 4A1.1(d) AT SENTENCING

### ARGUMENT

On June 16, 2006, Adams was given two (2) points towards his criminal history calculation score on Page 29 ¶ 167 for being on probation at the time the instant offense was committed pursuant to U.S.S.G. § 4A1.1(d). With this statute being applied, increased petitioner's criminal history score on the sentencing table to nine (9) which established a criminal history category of IV.

This mandatory use of the guidelines violated the Rule of Law announced in United States v. Booker,(2005) 543 U.S. 220. This decision by the High Court is of significance in the case at bar due to the petitioner being sentenced under the Post Booker Regime. These additional points should not have been applied to the criminal history calculations for two reasons. First, the outcome of these proceedings were not verifiable, and Second, when the court adopted the findings by the Probation Officer, and when using §4A1.2(d)(2)(B), this was held Unconstitutional in Booker. On February 16, 2005, shortly after the decision in Booker, the Sixth Circuit decided, U.S. v. Barnett, 398 F.3d 516(6th Cir. 2005) and denied Rehearing on March 9, 2005. In Barnett, the Court held:

> (3) "Prejudice could be presumed from the district court's failure to treat the Sentencing Guidelines as Advisory for the purposes of plain error analysis; and
> (4) District Court committed plain error in treating Sentencing Guidelines as Mandatory in sentencing defendant, requiring [re]sentencing."

Petitioner argues that, he is to be resentenced without these two (2) additional points in accordance to the therein cases cited.

## CONCLUSION

Just last November 1, 2007, the U.S. Sentencing Commission Amended the guidelines e.g. 709, USSG, Appx. C. This amendment addressed the Criminal History problems and petitioner believes that this amendment is applicable to his claim in ground one (1).

(4)

Although this amendment was not made retroactive in accordance to §1B1.10 for use under 18 U.S.C. § 3582(c)(2), this Court may consider the Sentencing Commissions Reasons and Applications for calculations for Criminal History Scores. The Sixth Circuit held in Jones v. U.S., 161 F.3d 397 (6th Cir. 1998) that,

> "A petitioner is entitled to the advantage of receiving the sentence he would have received had the Commission initially drafted an unambiguous provision. It is unfair to punish a defendant for the Commission's lack of clarity especially when the Commission acknowledges and corrects the ambiguity."
>
> "Clarification implies that prior application of the amendment resulted in errors."

As petitioner complains about his criminal history calculation score, the Sentencing Commission has Amended the guidelines to correct, inform, direct, and fix the Circuit Splits. This Clarification is to be applied to the petitioner which he argues his Criminal History Calculation was in error causing a miscarriage of justice. Without these two points at paragraphs 155 & 156, the score would have been seven (7) also without the two points at paragraph 167, the other two point would have determined a total of five (5) point placing the petitioner in category III which exposed him to a term of only 70 to 87 months under the Advisory Regime of the guidelines. With the additional four (4) point given, causing a miscarriage of justice, the petitioner was placed into category IV and exposed to a term of 84 to 104 months which the Court imposed a 84 month term of imprisonment.

Petitioner argues that, the motion under 28 U.S.C. § 2255, ¶ 5, may be used when there is an intervening change in the law. See, Davis v. United States, 417 U.S. 333. Petitioner also argues that, this remedy Congress created was to afford federal prisoners the same habeas proceeding afforded by the state prisoners.

Petitioner argues that, there has been a miscarriage of justice and the exclusive remedy is that under the "Savings Clause" of §2255,¶5. See, Sawyer v. Whitley, (1992) 505 US 333. Wherefore petitioner prays that the Court grant him the relief he seeks or the relief the court deems necessary.

Respectfully submitted,

_____
Raymond William Adams

This 27th day of May, 2008

BY: _____

_____
Raymond William Adams
P.O. Box 8000
Bradford, PA 16701
Register No. 12537-040