UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND WILLIAM ADAMS,

       Movant,

                                  File No.  1:08-CV-514

v.

                                 HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

       Respondent.

_____/

**MEMORANDUM OPINION AND ORDER
SUMMARILY DISMISSING § 2255 MOTION**

This matter comes before the Court on Movant Raymond William Adams's motion to vacate sentence under the "Savings Clause" or modify sentence pursuant to 28 U.S.C. § 2255, ¶ 5.  (Dkt. No. 1.)

On February 24, 2006, Movant entered a plea of guilty in this Court to one count of conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C).  *United States v. Adams*, File No. 1:05-CR-260 (Dkt. No. 87, Tr. of Plea Hrg.).  On July 12, 2006, Movant was sentenced to eighty-four months in prison and three years of supervised release.  At the time of sentencing the Court granted the government's motion to dismiss the remaining two counts of the indictment.  Movant did not appeal his conviction or sentence.  On June 2, 2008, Movant filed this § 2255 motion.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the moving party is not entitled to relief, the judge shall make an order for its summary dismissal.  Upon initial consideration of this motion, it plainly appears that Movant is not entitled to relief.

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166 (1982).  A petitioner is procedurally barred from raising claims in a § 2255 motion of even constitutional or jurisdictional magnitude to which no contemporaneous objection was made or which were not presented on direct appeal.  *Frady*, 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996).  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'"  *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted).

Movant's § 2255 motion was not timely filed.  A one-year limitation period applies to § 2255 motions.  28 U.S.C. § 2255(f).  Movant did not file this motion within one year of the date on which his judgment of conviction became final, nor has he alleged facts to suggest that the limitations period should run from any later date.

In addition, Movant explains that the purpose of his § 2255 motion is "to obtain relief from the incorrect information used to calculate and impose the sentence." (Dkt. No. 1 at 3.)

In his first claim Movant asserts that his criminal history was incorrectly calculated because paragraphs 155 and 156 of the Presentence Report gave him a point for each of two juvenile convictions pursuant to U.S.S.G. § 4A1.2(d)(2)(B) even though the juvenile records and police reports had not been received.  In his second claim Movant asserts that paragraph 167 of the Presentence Report improperly added two points to his criminal history score pursuant to U.S.S.G. § 4A1.1(d) for being on probation at the time the instant offense was committed.

All the facts and circumstances underpinning Movant's allegations were available to him at the time of his sentencing hearing.  Movant has procedurally defaulted these claims by failing to raise them either at sentencing or on direct appeal.  Movant's procedural default cannot be excused because he has not demonstrated cause and prejudice or actual innocence to overcome the procedural hurdle for review.

Accordingly, because it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that Movant is not entitled to relief,

**IT IS HEREBY ORDERED** that Movant's motion to vacate or modify sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 1) is **SUMMARILY DISMISSED** pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts.

**IT IS FURTHER ORDERED** that Movant's motion for writ of ad respondendum (Dkt. No. 4) is **DENIED** as moot.

Dated: <u>October 24, 2008</u>                      /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE